IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

———————————————————————————————————————————

JAMES LAWSON, JR.,          )
                            )
      Plaintiff,            )
                            )
v.                          )      No. 18-2838-JTF-tmp
                            )
TELEFLEX MEDICAL,           )
                            )
      Defendant.            )

———————————————————————————————————————————

REPORT AND RECOMMENDATION

———————————————————————————————————————————

Before the court is defendant Teleflex Medical's ("Teleflex") Motion to Dismiss, filed on March 1, 2019.[1] (ECF No. 10.) Plaintiff James Lawson, Jr.'s response to that motion was due on or before March 29, 2019. See LR 12.1(b). The court entered an order to show cause on April 1, 2019, directing Lawson to respond by April 15, 2019. (ECF No. 11.) The court further advised Lawson that if he failed to timely respond, the court would consider whether defendant's motion should be granted based solely on the arguments contained therein. (Id.) As of the date of this report, no response has been filed. The undersigned has reviewed Teleflex's motion and memorandum in

———————————————————————————————

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

support and recommends that the motion be granted.

Lawson asserts in his *pro se* complaint that he was previously employed by Teleflex at its facility in Olive Branch, Mississippi.  (ECF No. 1 at 2-3.).  He alleges that his employment was terminated on or about August 24, 2018.  (Id. at 3). On August 28, 2018, Lawson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging Teleflex engaged in sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, et seq. ("Title VII").  (ECF No. 1 at 5; ECF No. 1-1 at 1.)  The EEOC closed its investigation and issued a right to sue notice on August 31, 2018.  (ECF No. 1-1 at 2.) Lawson alleges that he received the right to sue notice on September 6, 2018.  (ECF No. 1 at 5.)  Lawson filed the present complaint in this court on December 6, 2018.  (ECF No. 1.)

If a plaintiff wishes to bring a civil action in federal court for violation of his rights under Title VII, he must do so within ninety days of receiving a right to sue notice.  42 U.S.C. § 2000e-5(f)(1).  "The federal courts have strictly enforced Title VII's ninety-day statutory limit."  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000).  "Title VII's ninety day period applies to *pro se* plaintiffs, and even one day's delay is fatal to a

- 2 -

claim." <u>Williams v. Sears, Roebuck & Co.</u>, 143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001); <u>see also</u> <u>Peterson v. Hopson</u>, No. 17-2891-JPM-dkv, 2018 WL 4442284, at *5-6 (W.D. Tenn. Aug. 24, 2018) (dismissing *pro se* plaintiff's Title VII claims where ninety-day period had expired); <u>Spurlock v. Synthes (USA)</u>, No. 12-2947, 2013 WL 4739703, at *6 (W.D. Tenn. Sept. 3, 2013) (same). "'Where, as here, a defendant raises a statute of limitations defense, dismissal is proper under Rule 12(b)(6) if it is apparent from the face of the complaint that the statute of limitations has run.'" <u>Spurlock</u>, 2013 WL 4739703, at *4 (quoting <u>Reed v. Ohio State Univ. Med. Ctr.</u>, No. 2:12-cv-241, 2012 WL 5378379, at *4 (S.D. Ohio Oct. 31, 2012)); <u>see also</u> <u>Pierce v. County of Oakland</u>, 652 F.2d 671 (6th Cir. 1981).

Lawson states that he received the right to sue notice on September 6, 2018.[2]  He was therefore required to file his complaint on or before December 5, 2018.  Lawson's complaint, filed on December 6, 2018, is untimely.  While failure to comply

_____

[2]The court notes that the right to sue notice appears to indicate that it was mailed on August 31, 2018.  (ECF No. 1-1 at 2.)  Therefore, there is a rebuttable presumption that Lawson received the notice within five days – by September 5, 2018.  <u>See</u> <u>Spurlock</u>, 2013 WL 4739703, at *5; <u>Smith v. Huerta</u>, No. 12-cv-02640-JTF-dkv, 2013 WL 3242492, at *2 (W.D. Tenn. June 25, 2013); <u>see also</u> <u>Graham-Humphreys</u>, 209 F.3d at 557 (citing <u>Banks v. Rockwell Int'l N. Am. Aircraft Operations</u>, 855 F.2d 324, 325-27 (6th Cir. 1988)).  For purposes deciding the instant motion, the court will assume that Lawson received the right to sue notice on September 6 as alleged in his complaint.

with Title VII's time requirements may be subject to equitable tolling, such relief is "granted only sparingly," when "compelling circumstances justify a departure from established procedures." Hobson v. Mattis, No. 18-5306, 2018 WL 7890771, *3 (6th Cir. Nov. 8, 2018) (internal quotations omitted). Such compelling circumstances are absent here, especially where Lawson has failed to respond both to Teleflex's motion and to this court's order to show cause. Accordingly, it is recommended that Teleflex's motion to dismiss be granted and Lawson's complaint be dismissed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 22, 2019
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**