**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **JAMES LAWSON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-cv-02838-JTF-tmp** |
| | ) | |
| **TELEFLEX MED.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE

---

Before the Court is Defendant Teleflex Medical's Motion to Dismiss Plaintiff's Complaint, filed on March 1, 2019. (ECF No. 10.) Pursuant to Administrative Order 2013-05, this case, including Defendant's Motion, was referred to the Magistrate Judge for management of all pretrial matters. Plaintiff James Lawson, Jr. did not file a response to the Motion, and accordingly, the Magistrate Judge entered an Order to Show Cause on April 1, 2019, instructing Plaintiff to show cause why the Court should not grant Defendant's Motion based solely on the arguments presented therein. (ECF No. 11.) Plaintiff did not respond to the Order to Show Cause. As a result, the Magistrate Judge considered the arguments presented by Defendant's Motion and entered an April 22, 2019 Report and Recommendation suggesting that this Court grant Defendant's Motion and dismiss this case for Plaintiff's failure to timely file their Complaint or respond to the Court's Order to Show Cause.

For the following reasons, the Court finds that the Magistrate's Report and Recommendation should be ADOPTED and Defendant's Motion to Dismiss GRANTED.

# FINDINGS OF FACT

The Magistrate Judge provides facts, which this Court, upon review, incorporates for purposes of this Motion. The facts provided by the Magistrate are as follows:

> Lawson asserts in his *pro se* [C]omplaint that he was previously employed by Teleflex at its facility in Olive Branch, Mississippi. (ECF No. 1 at 2–3.) He alleges that his employment was terminated on or about August 24, 2018. (*Id.* at 3.) On August 28, 2018, Lawson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging Teleflex engaged in sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, et seq. ("Title VII"). (ECF No. 1 at 5; ECF No. 1-1 at 1.) The EEOC closed its investigation and issued a right to sue notice on August 31, 2018. (ECF No. 1-1 at 2.) Lawson alleges that he received the right to sue notice on September 6, 2018. (ECF No. 1 at 5.) Lawson filed the present complaint in this court on December 6, 2018. (ECF No. 1.)

(ECF No. 13, 2.)

# LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. Moreover, "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Thus, objections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## ANALYSIS

The Court finds that Defendant's Motion to Dismiss Plaintiff's Complaint should be granted as a result of Plaintiff's failure to timely file his Complaint or respond to the Court's Order to Show Cause. "As a prerequisite to bringing suit under Title VII, a claimant must exhaust his or her administrative remedies." *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 470 (6th Cir. 2008). "Before a plaintiff alleging discrimination under Title VII can bring suit in

federal court, she must satisfy two administrative prerequisites: "(1) [f]iling timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)). "An employment discrimination suit under Title VII must be filed within ninety days of Plaintiff's receipt of a right to sue letter from the EEOC." *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941, 944 (W.D. Tenn. 2011); *see also* 42 U.S.C. § 2000e-5(f)(1). "Failure to bring suit within the prescribed ninety[-]day limit is grounds for dismissal[,]" which federal courts have strictly enforced. *Williams*, 143 F. Supp. 2d at 944; *id.* at 945 (noting that even one day's delay is fatal to such a claim). "'If the undisputed facts, and/or the record evidence viewed most favorable for the plaintiff, demonstrates [sic] as a matter of law that the plaintiff commenced h[is] lawsuit beyond the ambit of limitations, in the absence of a waiver, estoppel, or compelling justification or excuse which tolled limitations . . . , a summary dismissal of the complaint should be sustained.'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982)).

Based on the record, the EEOC mailed the right-to-sue letter on August 31, 2018. (ECF No. 1-1, 2.) Notably, "The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of [a right-to-sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (emphasis omitted) (footnote omitted). Plaintiff states that he received the right to sue notice on September 6, 2018. (ECF No. 1, 5.) Accordingly, as noted by the Magistrate, Plaintiff was

required to file his Complaint on or before December 5, 2018. (ECF No. 13, 3.) Plaintiff, however, did not file his Complaint until December 6, 2018. (ECF No. 1.) Although the Complaint is merely one (1) day late, Court's routinely hold that a failure to file a complaint upon receiving a right to sue letter from the EEOC within the prescribed ninety-day period, even if only one (1) day late, is grounds for dismissal of the Complaint. *William*s, 143 F. Supp. 2d at 945; *see also Peterson v. Hopson*, No. 17-2891-JPM-dkv, 2018 U.S. Dist. LEXIS 158058, at *7– 8 (W.D. Tenn. Aug. 24, 2018) (dismissing *pro se* plaintiff's Title VII claims where ninety-day period had expired); *Simns v. Maxim Healthcare Servs., Inc.*, Nos. 11-1052, 12-1016, 12-2026, 2013 U.S. Dist. LEXIS 14424, at *14 (W.D. Tenn. Feb. 4, 2013) (same). Although Title VII's time requirements may be subject to equitable tolling, the Court agrees with the Magistrate Judge's recommendation that such compelling circumstances are absent here, particularly since Plaintiff failed to respond to both Defendant's Motion and this Court's Order to Show Cause. Accordingly, the Court finds that Plaintiff's Motion should be **GRANTED**.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint and, accordingly, **DISMISSES** this action in its entirety.


**IT IS SO ORDERED** on this 7th day of June 2019.


<u>*s/John T. Fowlkes, Jr.*</u>
John T. Fowlkes, Jr.
United States District Judge